## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OMAR GONZALEZ,<br><br>Defendant. | Criminal No. 14-00200<br>(RMC/DAR)<br><br>**FILED**<br><br>OCT 0 1 2014<br><br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

### ORDER

For the reasons set forth on the record in open court during proceedings conducted on this date, it is, this 1st day of October, 2014,

**ORDERED** that on October 17, 2014, Defendant Omar Gonzalez shall undergo a competency screening examination at the Superior Court of the District of Columbia, District of Columbia Department of Mental Health Outpatient Forensic Screening.

In so ruling, over the objection of counsel for the Defendant, the undersigned observes that nearly six decades ago, the United States Court of Appeals for the District of Columbia Circuit relied upon the holding of the United States Supreme Court that "evidence raising a substantial doubt regarding the defendant's competency imposed a constitutional duty on the trial court to conduct, on its own motion if the defendant failed to request it, an inquiry into the defendant's competency." *Hansford v. United States*, 365 F.2d 920, 923 (D.C. Cir. 1966) (citing *Pate v. Robinson*, 383 U.S. 375 (1966)). More recently, this Circuit has indicated that a court may consider a defendant's "prior medical history" as a factor "'relevant in determining whether further inquiry' regarding a defendant's competency 'is required.'" *United States v. Jones*, 642

U.S. v. Gonzalez                                                                                            2

F.3d 1151, 1160 (D.C. Cir. 2011) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)).  While

"a defense attorney's view about the competency of [his or her] client or the need for a

psychological evaluation is 'unquestionably a factor which should be considered' by the district

court," it is "not dispositive[.]"  *Id.* (quoting *Drope*, 420 U.S. at 178 n.13); *cf. United States v.*

*Hemmings*, No. 91-313M, 1991 WL 79586, at *6 (D.D.C. May 2, 1991) ("other information"

before the court "creates a substantial question as to the reliability of the proffer[]" of the

defendant's counsel that the defendant understood the proceedings and the roles of the court and

counsel).

      **SO ORDERED**.

                                                 DEBORAH A. ROBINSON
                                                 United States Magistrate Judge